[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 1329
Presently before the court is the motion to strike filed by the defendant Brian Rodrique (Rodrique). The motion should be denied.
Plaintiffs, Susan and Steven Battista, bring this product liability action to recover for personal injuries and economic loss sustained as a result of an accident involving a defective window that the plaintiffs purchased for their home. The complaint alleges that on approximately September 28, 1988, the plaintiffs purchased several windows from the defendant Technical Energy Conservation ("the Supplier"), a window supplier. The windows were allegedly manufactured by the defendant Weather-Tite Manufacturing Corp. ("the Manufacturer"). The complaint alleges that on approximately the same date, the Supplier, through "its agent, servant or employee, the defendant Brian Rodrique" installed the windows in the plaintiffs' home. The complaint alleges that on April 4, 1991, when Susan Battista attempted to open one of the windows, its upper sash suddenly descended upon her hand, injuring it.
On October 20, 1992, the plaintiffs served a seven-count; complaint against the Supplier, the Manufacturer, and Rodrique. In the first three counts, Susan Battista alleges a claim under General Statutes 52-572m, et seq., the Connecticut Products Liability Statute, against each defendant. In the following three counts, Steven Battista alleges the same claim against each defendant. In the seventh count, the plaintiffs allege a contract claim against the Supplier. The first count which is directed against all defendants and the second and fifth counts of the complaint, which are directed against Rodrique, allege that Rodrique "was the agent, servant or employee" of the supplier and "was engaged in the business of assembling, installing and/or otherwise preparing custom window products or component parts of such products as part of their sale to a user or consumer."
On November 20, 1992, Rodrique filed a motion to strike the CT Page 1330 complaint as to himself based on the failure of the complaint to state a claim. Rodrique argues that the complaint fails to state a product liability claim because it does not allege that he was a "product seller" within the meaning of General Statutes52-572m et seq.
The plaintiffs filed an objection to the motion on November 27, 1992. The plaintiffs' supporting memorandum argues that they have stated a product liability claim because (1) such a claim may be made against an individual who installs a defective product; and (2) plaintiffs have named Rodrique as a "product seller" by naming him as an "agent, servant or employee" of the Supplier.
A motion to strike may be used to test the legal sufficiency of a complaint. Practice Book 152(1). In such a case, "[t]he, allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them. And if the facts provable under its allegations would support a . . . cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 109.
To state a claim for product liability under 52-572m, et seq., a plaintiff must allege that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition, unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403.
Counts one, two and five, allege facts sufficient to state a product liability claim against Rodrique. In the first count it is alleged that Rodrique was the "agent, servant or employee" of the supplier. In the second count, which is incorporated into the fifth count, paragraph 1 alleges that Rodrique was engaged in the business of assembling, installing, and preparing custom window products "as part of their sale" to a consumer. Paragraph 3 alleges the defective and unreasonably dangerous condition of the window; paragraph 7 alleges that the defective condition caused the injury for which compensation is sought; paragraph also alleges that the window was defective from the time of its design and sale; and finally, paragraph 4 alleges that the window reached the plaintiffs without any substantial change in the CT Page 1331 condition in which it was sold.
Accordingly, the motion is denied.
Ronald J. Fracasse, Judge